UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

APR 23 2008

Clerk, U.S. District and
Bankruptcy Courts

JACK STRATTON
615 W. SECOND ST.
GASTONIA, NC 28052
704-864-6650

      Plaintiff,

vs.           CIVIL ACTION NO.

SUE MYRICK
230 CANNON HOB.
WASHINGTON, DC 20515,

VIRGINIA FOXX
430 CANNON HOB
WASHINGTON, DC 20515,

Case: 1:08-cv-00696
Assigned To : Urbina, Ricardo M.
Assign. Date : 4/23/2008
Description: Pro Se General Civil

ROBIN HAYES
130 CANNON HOB
WASHINGTON, DC 20515

PATRICK MCHENRY
224 CANNON HOB
WASHINGTON, DC 20515,

HOWARD COBLE
2468 RAYBURN HOB
WASHINGTON, DC 20515,

WALTER JONES
2333 RAYBURN HOB
WASHINGTON, DC 20515

ELIZABETH DOLE
555 DIRKSON OFFICE BLDG.
WASHINGTON, DC 20510

RICHARD BURR
217 RUSSELL SENATE BLDG
WASHINGTON, DC 20510

RUTH SAMUELSON
1143 ANDOVER RD.
CHARLOTTE, NC 28211

THE REPUBLICAN
NATIONAL COMMITTEE
310 FIRST STREET
WASHINGTON, DC 20003,

MIKE DUNCAN
310 FIRST STREET
WASHINGTON, DC 20003,

JO ANN DAVIDSON
310 FIRST STREET
WASHINGTON, DC 20003,

THE NORTH CAROLINA
REPUBLICAN PARTY
1506 HILLSBOUROGH STREET
RALEIGH, NC 27605,

LINDA DAVIES
1506 HILLSBOUROGH STREET
RALEIGH, NC 27605,

THE MECKLENBURG COUNTY
REPUBLICAN PARTY
600 S. COLLEGE ST.
CHARLOTTE, NC 28202,

LEE TEAGUE
600 S. COLLEGE ST.
CHARLOTTE, NC 28202,

CLAIRE MAHONEY
600 S. COLLEGE ST.
CHARLOTTE, NC 28202,

CASEY VISER
600 S. COLLEGE ST.
CHARLOTTE, NC 28202,

DAVID ROMERO
600 S. COLLEGE ST.
CHARLOTTE, NC 28202,

JOHN ANERALLA
600 S. COLLEGE ST.
CHARLOTTE, NC 28202,

SHEILA NEISLER
600 S. COLLEGE ST.
CHARLOTTE, NC 28202,

LINDA JONES
600 S. COLLEGE ST.
CHARLOTTE, NC 28202,

WARREN COOKSEY
600 S. COLLEGE ST.
CHARLOTTE, NC 28202,

ECONOMIST NEWSPAPER L.T.D.
(ROLL CALL NEWSPAPER)
50 F. ST. NW
WASHINGTON, DC 20001,

LAURIE BATTAGLIA
50 F. ST. NW
WASHINGTON, DC 20001,

CHARLIE MITCHELL
50 F. ST. NW
WASHINGTON, DC 20001,

JOSH KURTZ
50 F. ST. NW
WASHINGTON, DC 20001,

        Defendants

---

**VERIFIED COMPLAINT**
**Jury Trial Demanded**

---

### NATURE OF ACTION

This action arises under *Bivens*; 18 U.S.C. §1962 (RICO); 15 U.S.C. §§ 1, 3 (Sherman Antitrust Act); 18 U.S.C. § 1951 (Hobbs Act); 42 U.S.C. 1983 (Conspiracy to violate rights) and supplemental claims as set forth herein. Claims are for declaratory and injunctive relief and damages, including punitive damages.

## JURISDICTION AND VENUE

2.  Jurisdiction is invoked under *Bivens,* 28 U.S.C. §1331, 18 U.S.C. §1964(c), 15 U.S.C. § 4, 28 U.S.C. §1343, and 28 U.S.C. §1367(a).

3.  Venue is proper as the major events and occurrences in the case occur and emanate from Washington, D.C. The major Defendants are either U.S. Representatives, National Republican Party officials operating from Washington, D.C., or individuals doing business in Washington.

## PARTIES

4   Plaintiff Jack Stratton is a Republican candidate for the United States House of Representatives from the 9th District of North Carolina. His May 6, 2008 primary opponent is incumbent Sue Myrick.

5   Defendants Sue Myrick, Virginia Foxx, Robin Hayes, Patrick McHenry, Howard Coble, and Walter Jones are incumbent U.S. Representatives from North Carolina. They are all members of the North Carolina Republican Party Executive Committee. McHenry is also the deputy finance director for the National Republican Congressional Committee.

6   Defendants Elizabeth Dole and Richard Burr are incumbent Senators from North Carolina. They are members of the North Carolina Republican Party Executive Committee.

7.  Defendant Ruth Samuelson is an incumbent state representative in North Carolina.. She is a member of the North Carolina Republican Party Executive Committee.

8.  The Republican National Committee is the official organization of the Republican Party in America. Its headquarters is in Washington, DC. Defendant Mike Duncan is Chairman and Jo Ann Davidson is Vice Chair.

9   The North Carolina Republican Party is the North Carolina arm of the National Republican Party (Republican National Committee). Defendant Linda Davies is the Chair.

4

10      The Mecklenburg County Republican Party is the county arm of the North Carolina Republican Party and the National Republican Party. Defendants Lee Teague, Claire Mahoney, Warren Cooksey, Casey Viser, David Romero, Linda Jones, Sheila Neisler, and John Aneralla are all on the Executive Board. Teague, Mahoney, Jacobson, Summa, Jones, Roche, Barnhart, and Aneralla are also on the Executive Committee of the North Carolina Republican Party. Cooksey is on the Charlotte (NC) City Council.

11.     Economist Newspaper Ltd. is a British corporation that has among its holdings ROLL CALL, a Washington newspaper circulated among Congress. Defendants Laurie Betalgia, Charlie Mitchell, and Josh Kurtz are respectively, the publisher, editor, and politics editor of ROLL CALL newspaper.

## STATEMENT OF FACTS

12.     Plaintiff is a Republican candidate for U.S. House for the Ninth District of North Carolina. Plaintiff's opponent in the May 6, 2008 Republican primary is Defendant Sue Myrick. Myrick is a 16 year incumbent.

13.     The deadline for filing for office in North Carolina was February 29, 2008 at 12:00 p.m. From that time forward, there has been a fixed list of all candidates running for office in North Carolina. The list is public knowledge and has been widely distributed across the country.

14.     Since filing ended, the North Carolina Republican Party has had a list on their website purporting to be a list of all Republican candidates statewide, including candidates for federal office. The heading states "2008 Republican Candidates" followed by a long list of candidates.

15.     There are 203 Republican candidates running statewide, including Plaintiff.

16.     The N.C. Republican website lists all of the other 202 candidates but omits Plaintiff.

17.     Plaintiff has printed out copies of the N.C. Republican site at various points in time since

5

February 29, 2008. They show that Plaintiff's name never appeared on the alleged "complete" list of candidates but is instead being "blacked out" by Defendants Myrick, et, al.

18. The result of the Myrick-Republican Party blackout is that Plaintiff's candidacy does not exist to citizens who access the site. It is impossible for anyone accessing the site to be aware of Plaintiff or his candidacy. This makes it impossible for anyone accessing the site to vote for Plaintiff, support Plaintiff, or donate money to Plaintiff's candidacy.

19. Plaintiff's primary opponent Defendant Myrick is on the N.C. Republican Party Executive Committee that is singling out and blacking out Plaintiff's name and candidacy.

20. The entire North Carolina Republican Congressional delegation is on the Executive Committee that is that is singling out and blacking out Plaintiff's name and candidacy.

21. Defendant Ruth Samuelson is on the Executive Committee that is singling out and blacking out Plaintiff's name and candidacy.

22. Based upon information and belief, Defendants are willfully and with malice singling out and blacking out Plaintiff's candidacy to prevent Republican voters, the Congress, and political action committees and citizens in Washington DC and across the country from becoming aware of Plaintiff's campaign.

23. Based upon information and belief, the acts of fraud, conspiracy, and obstruction being perpetrated by Defendants constitutes continuing predicate acts in furtherance of a criminal RICO enterprise. Defendants Myrick and Samuelson, along with numerous other Republicans, are joined in the enterprise.

24. Plaintiff alleges that the purpose of the Republican Party blackout is to "fix" the May 6, 2008 North Carolina primary to ensure that Myrick wins.

25. Plaintiff alleges that Defendants are perpetrating wire fraud.

## Mecklenburg County Republican Party officials joined in fraud

26. On or about the week of March 30, 2008 Plaintiff discovered that the Mecklenburg County Republican Party has a website claiming to have a complete listing of Republican candidates for state and federal office. Defendant Myrick's photograph, website, and email address are listed on the site along with several glowing full page articles on Myrick.

27. In contrast to the Republican Party's extensive website layout on Defendant Myrick, the site contains no photograph of Plaintiff and falsely states that Plaintiff's campaign website information, email, and photo are "not available." The site previously had only an email address for Plaintiff's campaign that was incorrect.

28. Plaintiff was willing to consider this an oversight but wanted it corrected. During the week of March 30-April 6, 2008, Plaintiff repeatedly called the Mecklenburg County Republican Party headquarters. No one ever answered. Plaintiff left courteous messages each time he called asking the Republican Party to please call Plaintiff so that Plaintiff's information could be added to the party's site. No one ever called back despite the fact that it is the middle of election season, the Republicans have 14 members on their Executive Committee, and their headquarters is housed in a large office building in a prestigious area of Charlotte.

29. After giving the Republican Party over a week to respond to the phone messages, all to no avail, Plaintiff began to send email to Defendant Vice Chairman Claire Mahoney. After Mahoney repeatedly failed to respond, Plaintiff sent emails to Mahoney and Defendant Chairman Lee Teague. There was never any response from anyone.

30. Precious campaign time before the May 6, 2008 primary was slipping away. Finally on April 11, 2008 Plaintiff, in order to elicit some kind of response so as to get his campaign visible to the voters of North Carolina and the citizens of the United States, sent an email to every

member of the Mecklenburg County Republican Party Executive Board.

31. Plaintiff advised Defendants that if they continued to willfully refuse to respond and correct the information on their site Plaintiff would be forced to pursue legal action. Plaintiff also advised them that if they acted immediately to correct the information on the site, there would be no liability for any of them except for possible liability accruing to Mahoney and Teague.

32. In direct contrast to the previous two week silence and failure of the Republican Party to respond to Plaintiff, this time the response was immediate. Within 48 hours, Plaintiff received a three page letter from Mecklenburg County Republican Party Executive Board member Charles Viser, a partner in the Charlotte law firm of James, McElroy, and Diehl.

33. Defendant Viser stated that he represented the entire Board. Therefore, Viser's acts are the acts of all the Mecklenburg County Defendants.

34. Defendant Viser's letter contained threats and extortion demands against Plaintiff. Viser warned Plaintiff not to "push that envelope." Viser threatened to contact "law enforcement" and get a "restraining order against you." Viser ended his letter by stating how "unpleasant" things would get for Plaintiff if Plaintiff continued to try to get his campaign information on the Republican website.

35. Plaintiff is a peaceful Christian who never at any time threatened any member of the Mecklenburg County Republican Executive Board. Plaintiff only wanted his campaign information on the site along with his opponent's.

36. Plaintiff sent a reply letter to Defendant Viser demanding that the Republican Party put Plaintiff's photograph and correct information on the Republican website by 5 p.m. Saturday, April 19, 2008. Plaintiff included a photograph of himself. Defendant Viser and the Republican Party ignored Plaintiff.

37. The Republican Party continues to falsely claim on its website that Plaintiff's photo and website are "not available" even though Party officials know Plaintiff's campaign website address and have Plaintiff's photo in their possession. The false information is still on the site as of the filing of this action and continues to deceive Republican Party voters, citizens of the United States, and political action committees in Washington, DC and across the country.

38. Defendant Viser and the Mecklenburg County Board could have simply corrected the information on the Republican county website and ended the matter. Instead Defendants have completely blacked out Plaintiff's campaign information (except his home phone) from the site while simultaneously threatening Plaintiff that if he ever contacts the Mecklenburg County Republican Party again, he will be retaliated against with state action, including possible incarceration and a permanent criminal record.

39. Plaintiff alleges that Republican Party threats to misuse state power to retaliate against Plaintiff if he attempts to get his campaign information on the Republican website constitute extortion. The extortion is just one in a series of predicate acts in furtherance of a continuing criminal RICO enterprise. Defendants are perpetrating mail and wire fraud.

40. Plaintiff alleges that the extortion is part of a scheme to "fix" the May 26, 2008 primary. The practical effect of the Republican Party blackout is to make it impossible for Plaintiff to defeat Defendant Myrick in the primary. Defendants are acting willfully and with malice.

41. Defendant Party official Romero has worked in Defendant Sue Myrick's Washington office and Defendant Party official Neisler has been a campaign official for Myrick.

42. The Republican Party blackout on Plaintiff's campaign coupled with Defendants' threat to use state force if Plaintiff contacts the Republican Party means that there is no way for Plaintiff to correct the situation absent court action.

## ROLL CALL Newspaper joined in fraud

43. Defendant Economist Newspaper Ltd. is the parent corporation of ROLL CALL newspaper, which purports to be the official newspaper of Congress. Defendants Laurie Battaglia, Charlie Mitchell, and Josh Kurtz are, respectively, the publisher, editor, and political editor of ROLL CALL and are therefore responsible for its political content.

44. On March 18, 2008 ROLL CALL claimed to list for its readers all candidates for federal office from North Carolina. Just as the Republican Party has done, ROLL CALL blacked out Plaintiff and his candidacy. There is no mention of Plaintiff in the list.

45. The only two North Carolina candidates ROLL CALL blacked out were Plaintiff and Democratic candidate Derald Hafler. These are the only two North Carolina candidates for federal office that are critical of the Republican and Democrat Parties, the internationalist movement, and the United States government in general.

46. Plaintiff alleges that ROLL CALL's omission of Plaintiff and Hafler from a list purporting to be a complete list of candidates constitutes the publishing of false information and perpetration of a criminal FRAUD, including wire fraud. The First Amendment right to freedom of the press does not protect publication of false information and perpetration of criminal fraud.

47. Plaintiff alleges that ROLL CALL's fraud was willful and malicious and was designed to prevent the Congress, political action committees, and the people of the United States from being aware of and having access to the aforementioned two political campaigns.

48. Plaintiff alleges that ROLL CALL's fraud, conspiracy, and wire fraud constitutes predicate acts in furtherance of a criminal RICO conspiracy. Defendant Economist Newspaper Ltd., the parent corporation of ROLL CALL, has extensive connections with internationalists in both the Republican and Democrat Parties.

## CLAIM I.
## BIVENS VIOLATION

49.  Paragraphs 1-48 are hereby incorporated into Claim I. as if fully set forth herein. Plaintiff alleges that Defendants Myrick, Foxx, Hayes, McHenry, Coble, Jones, Dole, and Burr are acting in their personal capacities under color of federal authority to violate Plaintiff's rights as protected by the First Amendment to the United States Constitution. Myrick and the Republican Congressional delegation from North Carolina are misusing their positions to "fix" the May 6, 2008 North Carolina primary election in favor of Myrick by blacking out Plaintiff's political campaign. Defendants are violating Plaintiff's rights to free speech, to criticize the government, to criticize federal officials, to hold elective office, to run a political campaign, to receive campaign contributions, and to petition the government for redress. Defendants are conspiring with state and local Republican officials and misusing their collective positions of authority within the Republican Party to quash any and all competition to their incumbencies. Defendant Myrick is conspiring with Charlotte, NC broadcast media to violate federal election laws pursuant to "equal time" for challengers to her incumbency. Defendants are perpetrating mail and wire fraud. Defendants are acting willfully and with malice.

## CLAIM II.
## CONSPIRACY TO VIOLATE RIGHTS [42 USC § 1983]

50.  Paragraphs 1-49 are hereby incorporated into Claim II. as if fully set forth herein. Plaintiff alleges that Defendants Samuelson and Cooksey are acting individually under color of law while conspiring to violate the rights of Plaintiff as protected by the First and Fourteenth Amendments to the Constitution of the United States. Defendants are conspiring to "fix" the May 6, 2008 North Carolina primary election in favor of Myrick. Defendants are violating Plaintiff's rights to free speech, to criticize the government, to criticize federal officials, to hold

elective office, to run a political campaign, to receive campaign contributions, to petition the government for redress and to equal protection under the law. Defendants are perpetrating mail and wire fraud. All Defendants are joined in the conspiracy. Defendants are acting willfully and with malice.

### CLAIM III.
### RICO CONSPIRACY [18 USC § 1962]

51.  Paragraphs 1-50 are hereby incorporated into Claim III. as if fully set forth herein. Plaintiff alleges that Defendants are acting in furtherance of a criminal RICO enterprise while conspiring to "fix" the May 6, 2008 North Carolina primary election. There are numerous criminal enterprises through which Defendants are operating, including but not limited to the National Republican Party and an "association in fact" enterprise between Defendants. Defendants are perpetrating numerous predicate acts in furtherance of the enterprise including, but not limited to, criminal violation of rights (18 USC § 241), wire fraud, mail fraud, extortion, obstruction of justice, and violations of the Hobbs Act and the Sherman Antitrust Act. Defendants have irreparably injured Plaintiff in his campaign and his business. Defendants are preventing Plaintiff from getting campaign contributions and from having any chance of acquiring a high paying job as a Congressman with corresponding perks and benefits. Defendants are acting willfully and with malice.

**Sherman Antitrust Act**

52.  Plaintiff alleges that Defendants are violating the Sherman Antitrust Act (15 USC §§ 1, 3). Defendants are conspiring to "fix" the May 6, 2008 North Carolina primary by preventing Republican voters, United States citizens, and political action committees in Washington, DC and across the United States from supporting and donating money to Plaintiff's campaign, thereby interfering with interstate commerce and trade. . Defendants are perpetrating mail and

wire fraud. Defendants are acting willfully and with malice.

### Hobbs Act

53.     Plaintiff alleges that Defendants are violating the Hobbs Act (18 USC § 1951) by using threats and extortion to "fix" the May 6, 2008 North Carolina primary by shutting down Plaintiff's campaign within the Republican Party, within Congress, and across the United States. The extortion involves threats of state retaliation, possible incarceration, a possible permanent criminal record, and legal action against Plaintiff if he tries to make Republican voters and the public aware of his campaign. Defendants have interfered with interstate commerce by preventing Republican voters, United States citizens, and political action committees from Washington, DC and across the United States from supporting Plaintiff and sending money to Plaintiff's political campaign. Defendants are perpetrating mail and wire fraud. Defendants' are acting willfully and with malice.

### CLAIM IV.
### FRAUD

54.     Paragraphs 1-53 are hereby incorporated into Claim IV. as if fully set forth herein. Plaintiff alleges that Defendants are engaged in common law fraud against Plaintiff by setting forth numerous false and phony lists of candidates to Republican voters, to Congress, to political action committees, and to the people of the United States. Defendants are acting willfully and with malice for purposes of "fixing" the May 6, 2008 North Carolina primary election in favor of Defendant Sue Myrick. . Defendants are perpetrating mail and wire fraud. Defendants are acting willfully and with malice.

### CLAIM V.
### COMMON LAW CONSPIRACY WITH PREDICATE ACTS

55.     Paragraphs 1-54 are hereby incorporated into Claim V. as if fully set forth herein.

Conspiracy itself is not actionable in North Carolina. However, predicate acts perpetrated within a conspiracy are actionable. Plaintiff alleges a conspiracy with predicate acts. Defendants are setting forth false and phony lists of candidates to Republican voters, to Congress, to political action committees, and to people across the United States. Defendants' actions are calculated to "fix" the May 6, 2008 North Carolina primary election in favor of Defendant Myrick. When Plaintiff attempted to correct the problem and exercise his right to run a political campaign and receive donations, Defendants threatened to retaliate against Plaintiff. Defendants are currently using extortion to shut down Plaintiff's campaign. Defendants are interfering with interstate commerce by interfering with monetary transactions to Plaintiff's campaign. Defendants are obstructing justice by preventing Plaintiff from obtaining federal office to expose corrupt Republican federal and state officials. . Defendants are perpetrating mail and wire fraud. Defendants are acting willfully and with malice.

## RESPONDEAT SUPERIOR

56. Paragraphs 1-55 are hereby incorporated as if fully set forth herein. The National Republican Committee is responsible for the actions of its agents. The Republican Party makes it clear in their bylaws and in their public pronouncements that the national, state, and local arms of the party are one. The Economist Newspaper, Ltd. as the parent corporation for ROLL CALL is responsible the acts of its agents.

## DAMAGES

57. Paragraphs 1-56 are hereby incorporated as if fully set forth herein. Defendants' predicate acts against Plaintiff are *per se* actionable. Defendants are acting in their personal capacities while cloaked in their official positions to interfere with Plaintiff's basic rights protected by the First Amendment to the Constitution of the United States. Defendants are irreparably damaging

Plaintiff's political campaign, his ability to raise money, and his chances of obtaining a high paying Congressional office with corresponding perks and benefits. Defendants are obstructing Plaintiff from obtaining political office to obtain justice for himself and his family, and for other citizens and their families. Defendants are causing Plaintiff to appear much less than what he is as a candidate and a man, thereby permanently damaging Plaintiff's reputation and standing among the citizens of North Carolina and the United States. Defendants are tainting Plaintiff's chances of winning any future elections by "fixing" this election and thereby turning Plaintiff into a political "loser." Defendants' are acting willfully and with malice. Plaintiff requests punitive damages pursuant to FRCP 9(g). Plaintiff requests treble damages pursuant to 18 USC § 1964(c).

## JURY TRIAL DEMANDED

58.    Plaintiff demands a jury trial on all issues, including but not limited to damages awards and Plaintiff's request for punitive and treble damages.

## REQUEST FOR RELIEF

PLAINTIFF HEREBY REQUESTS THE FOLLOWING RELIEF FROM THE JURY:

1.    That the jury find for Plaintiff on all claims.

2.    A compensatory award of ten million dollars and a punitive damages award of one hundred million dollars against the National Republican Party.

3.    A compensatory award of ten million dollars and a punitive damages award of one hundred million dollars against the Economist Newspaper Ltd. corporation.

4.    A compensatory award of one million dollars and a punitive damages award of ten million dollars against Defendants Myrick, Foxx, Hayes, McHenry, Coble, Jones, Dole, Burr, Samuelson, Davies, and Viser.

5. A compensatory award of one million dollars and a punitive damages award of one million dollars against Defendants Duncan, Davidson, Bataglia, Mitchell, Kurtz, and Cooksey.

6. A compensatory award of ten thousand dollars and a punitive damages award of one hundred thousand dollars against Defendants Teague, Mahoney, Neisler, Jones, Romero, and Aneralla.

7. Any other relief to Plaintiff.

PLAINTIFF HEREBY REQUESTS THE FOLLOWING RELIEF FROM THE COURT:

8. An order to the United States Department of Justice to investigate Plaintiff's allegations of federal criminal violations by Sue Myrick, the Republican Party, and the law firm of James, McElroy and Diehl.

9. An order declaring the results of the May 6, 2008 North Carolina primary between Plaintiff and Defendant Myrick VOID for fraud.

10. An order to the Republican Party to mediate with Plaintiff to resolve the primary issue, perhaps by holding a special primary with the Republican Party bearing the costs.

11. An order to Defendants to issue a well publicized and widely circulated public apology to Plaintiff.

12. An order to the Republican Party to post Plaintiff's correct campaign information.

13. A permanent injunction prohibiting Defendants from misusing the legal process to retaliate against Plaintiff.

14. Any other relief to Plaintiff.

This, the 23rd day of April, 2008.

_____
Jack Stratton
615 West Second Ave.
Gastonia, N.C. 28052
704-493-5180 (cell)   704-864-6650 (home)

## VERIFICATION

I, Jack Stratton, hereby declare that I have prepared the attached Verified Complaint and that what it contains is true, except for those matters based upon information and belief and as to those matters, I believe them to be true.

This the 23rd day of April, 2008.

_____
Jack Stratton

I, a Notary Public in Charles County, Maryland certify that Jack Stratton appeared before me this, the 23rd day of April, 2008 and made the above declaration.

_____
Notary Public

My commission expires: 04/01/2010

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Jack Stratton

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Gaston NC
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Sue Myrick, et al

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Mecklenburg NC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jack Stratton  704-493-5180
615 W. Second Ave
Gastonia NC 28052  (PRO PER)

Case: 1:08-cv-00696
Assigned To : Urbina, Ricardo M.
Assign. Date : 4/23/2008
Description: Pro Se General Civil

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Immigration**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus- Alien Detainee
- ☐ 465 Other Immigration Actions

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)

- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.

- ☒ 460 Deportation
- ☒ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

(27)

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Bivens, 18 USC 1962, 15 USC 1, 3, 18 USC 1951, 42 USC 1983, Supplemental 28 USC 1367(a)

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐    DEMAND $ Excess of 400 million    Check YES only if demanded in complaint    JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES  ☒ NO    If yes, please complete related case form.

DATE 4-23-08    SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.