**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JACK STRATTON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 08-0696 (RMU) |
| | : | |
| v. | : | Re Document No.: 3 |
| | : | |
| SUE MYRICK *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### DENYING THE PLAINTIFF'S MOTION FOR RECUSAL; DISMISSING THE CASE WITHOUT PREJUDICE BASED ON THE PLAINTIFF'S FAILURE TO PROSECUTE THIS ACTION

The plaintiff commenced this action on April 23, 2008. *See generally* Compl. The docket sheet indicates that over the following two years, the plaintiff took no action to prosecute his claims. Thus, on April 26, 2010, the court ordered the plaintiff to show cause why this case should not be dismissed for failure to prosecute. *See* Minute Order (Apr. 26, 2010).

The plaintiff filed his response to the court's order on May 10, 2010. *See generally* Pl.'s Resp. to Order to Show Cause; Aff. of Jack Stratton ("Pl.'s Aff."). In his response, the plaintiff complains about the alleged mistreatment he suffered in the Clerk's Office at the time he filed his complaint. *See generally* Pl.'s Aff. The plaintiff fails to offer any explanation, however, for the two-year delay in prosecuting his claims. *See generally id.*

On the same day he responded to the order to show cause, the plaintiff filed a motion requesting that the undersigned recuse himself from this action. *See generally* Pl.'s Mot. for Recusal. The plaintiff bases his motion for recusal on the same affidavit he submitted in response to the order to show cause, as well as his purported "filing of a criminal complaint" against the undersigned. *See id.* at 1.

Turning first to the plaintiff's motion for recusal, the applicable statute governing when a federal judge is required to recuse himself or herself is 28 U.S.C. § 455(a), which provides that "[any] justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard for disqualification under section 455(a) is an objective one. The question is whether a reasonable and informed observer would question the judge's impartiality." *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001).

In this case, the plaintiff has failed to identify any facts that would cause a reasonable and informed observer to question the impartiality of the undersigned. *See generally* Pl.'s Mot. for Recusal; *see also* 28 U.S.C. § 455(b) (setting forth circumstances in which judges must disqualify themselves). Accordingly, the court denies the plaintiff's motion for recusal.

As for the plaintiff's failure to prosecute this action, the Supreme Court has observed that "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962); *see also* FED. R. CIV. P. 41(b) (authorizing the involuntary dismissal of actions based on the plaintiff's failure to prosecute); LCvR 83.23 (providing that the court may dismiss a case *sua sponte* for failure to prosecute); *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1170 (D.C. Cir. 1981) (observing that "[i]f district court judges are to discharge their heavy responsibilities effectively, their power to dismiss . . . must be more than theoretical"). This Circuit has cautioned, however, that dismissal with prejudice for failure to prosecute is a "harsh sanction" reserved for "cases involving egregious conduct by particularly dilatory plaintiffs, after 'less dire alternatives' have been tried without success," *Noble v. U.S. Postal Serv.*, 71 Fed.

Appx. 69, 69 (D.C. Cir. 2003) (citing *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 186-87 (D.C. Cir. 1985)).

  Here, the plaintiff has failed to offer any explanation for his failure to prosecute this case since filing his complaint two years ago. *See generally* Pl.'s Resp.; Pl.'s Aff. The court, however, concludes that dismissal of the plaintiff's complaint with prejudice would be an unduly harsh sanction under the circumstances of this case. Instead, the court will dismiss this case without prejudice based on the plaintiff's failure to prosecute this action or respond to the order to show cause. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 19th day of May, 2010.

                  RICARDO M. URBINA
                  United States District Judge